### KEUFFEL & ESSER CO. v. EUGENE DIETZGEN CO.

(Circuit Court of Appeals, Second Circuit.  February 15, 1916.)

#### No. 172.

PATENTS ☜328—VALIDITY AND INFRINGEMENT—FOUNTAIN LETTERING PEN.
    The Payzant patent, No. 758,381, for a fountain lettering pen, claim 2, *held* valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Keuffel & Esser Company against the Eugene Dietzgen Company. Decree for complainant, and defendant appeals. Affirmed.

This cause comes here upon appeal from a decree in favor of complainant. The suit is the usual one in equity for infringement of patent. The patent sued on is No. 758,381 granted April 26, 1904, to Octave Payzant for a fountain lettering pen. The only claim involved in this appeal is the second which reads:

"A pen with rigid nibs which terminate in a circular plane marking surface, said circular plane marking surface being beveled to an angle of 45 degrees with the longitudinal axis of the pen."

The opinion of Judge Augustus N. Hand in the District Court is as follows:

This is a suit for infringement of United States letters patent No. 758,381. Complainant's invention is a very simple one and relates to lettering or marking pens. The claims under consideration are the following:

"1. A pen with nibs which are each semi-circular in shape on its transverse section at the point, the said nibs terminating in a marking surface which is a circular plane.

"2. A pen with rigid nibs which terminate in a circular plane marking surface, said circular plane marking surface being beveled to an angle of 45 degrees with the longitudinal axis of the pen."

The pen described in the foregoing claims is designed to hold a large volume of ink and to make wide lines of uniform width in any direction. The pen described in each of the foregoing claims contains a new and useful combination of elements which I do not find disclosed in the prior art. In the references presented by the defendant I see nowhere a pen with nibs terminating in a marking surface "which is a circular plane." I think the complainant's device shows invention and it has evidently met with some commercial success. I am doubtful whether claim 1 is not so broad that it should be properly limited to the pen described in detail in the specification. If this were done, claim 1 as so limited would be practically identical with claim 2. It is, however, unimportant for me to decide this, as I am of the opinion that claim 2 shows a valid combination and is infringed by all of defendant's devices. Defendant's devices all consist of a pen with rigid nibs which terminate in a

circular plane marking surface, which plane marking surface is at an angle of substantially 45 degrees with the longitudinal axis of the pen.

The defendant's argument that the marking surface cannot be circular because there is a separation of the nibs to allow the ink to flow is too technical to be supported. Only the slightest space is necessary to permit the passage of ink, and the marking surface appears to be circular, and is substantially, even if not theoretically, so. The defendant's device may not be strictly beveled, but the defendant has employed an equivalent of beveling by changing the angle of the shank of which the marking surface of its pens form the extremity.

My decision is that the patent is valid as to claim 2 and all of defendant's devices which were put in evidence infringe it as to such claim. A decree should follow for an injunction and accounting.

H. S. Mackaye, of New York City, for appellant.

Baird, Cox, Kent & Campbell, of New York City (Clarence G. Campbell, of New York City, of counsel), for appellee.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The art is a crowded one, but we think Judge Hand was correct in holding that it does not contain, prior to Payzant, the combination of the three elements specified in the second claim, viz.: (1) Nibs which are rigid, (2) and which terminate in a circular plane, (3) which plane is beveled to an angle of 45 degrees with the axis of the pen. One or more of these may be found in earlier patents, but no earlier patent shows all three.

The evidence introduced to show commercial success does not indicate very large sales; but evidently the pen is of use only to draughtsmen and approval by its user would be evidenced by a smaller number of total sales than if it were, like the ordinary fountain or stylographic pen, an article in common use. Enough sales are proved to show that draughtsmen in considerable numbers buy and use it.

Infringement by the exhibit marked in evidence and concededly of defendant's manufacture seems to us quite plain.

The decree is affirmed, with costs.